I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ *Plaintiff*
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3/2/07

V. Aufio

DEPUTY CLERK

- This order and the Civil rights Complaint Form are served on Plaintiff.

FILED
CLERK, U.S. DISTRICT COURT

MAR - 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CALVIN MATEER,<br><br>            Plaintiff,<br><br>      v.<br><br>SAN BERNARDINO COUNTY BOARD<br>OF SUPERVISORS, et al.,<br><br>            Defendants. | NO. ED CV 06-1398 PA (FMO)<br><br>**ORDER DISMISSING COMPLAINT WITH<br>LEAVE TO AMEND** |

DOCKETED ON CM

MAR - 2 2007

BY _____ 174

## PROCEEDINGS

On February 15, 2007, Jack Calvin Mateer ("plaintiff"), proceeding pro se, filed a Civil

Rights Complaint ("Complaint"), together with a memorandum ("Mem.") and various exhibits. For

the reasons discussed below, the Complaint is dismissed with leave to amend.

## PLAINTIFF'S ALLEGATIONS

Plaintiff is currently confined at Coalinga State Hospital, pursuant to the Sexually Violent

Predator Act ("SVPA") (Cal. Welf. & Inst. Code §§ 6600-6609.3).  (See Mem. at 1).  Plaintiff's

Complaint concerns his treatment while confined in the San Bernardino County West Valley Jail

and the Glen Helen Rehabilitation Center (collectively, "County Jail Facilities") during various

periods of time between November 2003 and September 2006.  (See id. at 2-3 & 7-8).

10

1    In his Complaint, plaintiff names the following defendants:  (1) San Bernardino Board of
2   Supervisors ("Board"); (2) Bob Fonzi, Sheriff of San Bernardino County West Valley Jail ("Fonzi");
3   (3) Gary Penrod, Sheriff of San Bernardino County West Valley Jail ("Penrod"); (4) E. Cooke,
4   Deputy Sheriff ("Cooke"); and (5) John Doe, Deputy Sheriff.  (See Complaint at 3-4).  All
5   defendants are sued in both their individual and official capacities. (See id.).

6    Plaintiff alleges that defendants violated his civil rights under the First, Fourth, Fifth, Sixth,
7   Eighth, and Fourteenth Amendments, the Ex Post Facto Clause, and the California Constitution
8   by the manner in which the SVPA is applied at the County Jail Facilities. (See Mem. at 17 & 24-
9   30). Plaintiff asserts that he is a civil detainee and that being housed in the County Jail Facilities
10  amounts to punitive and illegal confinement, unlawful arrest, and false imprisonment. (See id. at
11  30). Plaintiff claims that defendant Cooke and an unknown deputy sheriff physically assaulted
12  him on August 4, 2006. (See id. at 5-6). He asserts that he was subject to unsanitary conditions,
13  contaminated food, administrative segregation, strip searches, a lack of exercise facilities and that
14  he had to endure handcuffs, belly chains and shackles. (See id. at 20-23). Plaintiff also claims
15  that his telephone calls were monitored, his mail was opened, and that he was denied personal
16  contact visits, an adequate law library, and access to religious services. (See id. at 21-23).

17   Plaintiff claims that he has suffered severe emotional distress and severe physical injury
18  and seeks compensatory and punitive damages, together with declaratory and injunctive relief.
19  (See Mem. at 30-32).

20                         **STANDARD OF REVIEW**

21    Under the provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), plaintiff's
22  Complaint is subject to sua sponte review and must be dismissed if the Complaint: (1) is frivolous
23  or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary
24  relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C.
25  § 1997e(c); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); Barren v.
26  Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058
27  (1999); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (provisions of
28  28 U.S.C. § 1915(e)(2) are applied to civil detainees as well as prisoners).

1   In civil rights cases in which the plaintiff appears pro se, the pleadings must be construed

2   liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the

3   claims asserted.  See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

4   However, in giving liberal interpretation to a civil rights complaint filed by a pro se litigant, a court

5   "may not supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of

6   Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Indeed, conclusory "allegations, unsupported by

7   facts, [will be] rejected as insufficient to state a claim[.]"  Sherman v. Yakahi, 549 F.2d 1287, 1290

8   (9th Cir.1977); see also Barren, 152 F.3d at 1194 ("A plaintiff must allege facts, not simply

9   conclusions, that show that an individual was personally involved in the deprivation of his civil

10   rights.");  Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam) (vague and conclusory

11   allegations of constitutional violations are insufficient to state a constitutional claim).  Therefore,

12   "at a minimum, even the pro se 'plaintiff must allege with at least some degree of particularity

13   overt acts which defendants engaged in that support [his] claim.'"  Abney v. Alameida, 334

14   F.Supp.2d 1221, 1226 (S.D. Cal. 2004) (quoting Jones v. Cmty. Redevelopment Agency, 733

15   F.2d 646, 649 (9th Cir. 1984)).  If, despite a liberal construction, the court finds that the complaint

16   should be dismissed for failure to state a claim,[1] the court has the discretion to dismiss the

17   complaint with or without leave to amend.  See Lopez, 203 F.3d at 1127-30.

18   With these standards in mind, the court now turns to the claims raised by plaintiff in his

19   Complaint.

20   **DISCUSSION**

21   I.   PLAINTIFF MAY NOT STATE A FEDERAL CIVIL RIGHTS CLAIM.

22   Section 1983 provides for the imposition of liability on any person who, acting under color

23   of state law, deprives another of the rights, privileges or immunities secured by the Constitution

24   or the laws of the United States.  42 U.S.C. § 1983.  It does not create substantive rights, but

25   provides remedies for deprivations of rights established elsewhere in the Constitution or federal

26   laws.  See Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870 (1989).

27

28   [1]   Dismissal for "failure to state a claim" under the PLRA is considered under the same standard as dismissal under Fed. R. Civ. P. 12(b)(6).  See Barren, 152 F.3d at 1194.

1  Plaintiff complains, among other things, that his detention in the County Jail Facilities does

2  not comport with the SVPA and the California Constitution. (See Mem. at 17, 24 & 30).  Plaintiff

3  also claims that defendant Cooke and an unknown deputy sheriff assaulted him. (See id. at 5-6).

4  If the County Jail Facilities and their employees fail to fulfill their statutory duties or violate state

5  laws, plaintiff may have a state law cause of action.  See Seling v. Young, 531 U.S. 250, 265, 121

6  S.Ct. 727, 736 (2001).  However, "[v]iolations of state law standing alone do not afford a basis for

7  relief in federal civil rights litigation."  Munoz v. Kolender, 208 F.Supp.2d 1125, 1132 (S.D. Cal.

8  2002).

9  A state law may give rise to a liberty interest protected by the Fourteenth Amendment.

10  See Meachum v. Fano, 427 U.S. 215, 225-27, 96 S.Ct. 2532, 2538-39 (1976).  Nevertheless, the

11  SVPA does not create a liberty interest in avoiding county jail detention.  See Johnson v. Santa

12  Clara County, 2003 WL 22114269, at *2 (N.D. Cal. 2003).  Thus, there is no controlling authority

13  to suggest that temporary detention in a county jail incident to SVP proceedings is

14  unconstitutional.  See Munoz, 208 F.Supp.2d at 1144.

15  In order to state a § 1983 claim, plaintiff must affirmatively link each defendant with some

16  act or omission that demonstrates a violation of plaintiff's federal rights.  See Monell v. Dep't of

17  Soc. Servs., 436 U.S. 658, 692, 98 S.Ct. 2018, 2036 (1978); Johnson v. Duffy, 588 F.2d 740, 743

18  (9th Cir. 1978).  Here, although plaintiff names the Board and certain San Bernardino County

19  employees as defendants and provides a vague list of complaints, he fails to link any defendant

20  to an act or omission causing a deprivation of federal rights.  Without such a linkage, plaintiff fails

21  to state a claim for relief under § 1983.

22  II.  PLAINTIFF FAILS TO STATE A FIRST AMENDMENT CLAIM.

23  In Claim One, plaintiff states that defendants' policies, practices and customs punished

24  plaintiff by not affording him freedom of the press and thereby denying him access to the outside

25  world, in violation of the First Amendment.  (See Mem. at 24).  Plaintiff also asserts that

26  defendants' policies, practices and customs punished plaintiff by placing restrictions on his

27  freedom of association and socialization, and on his ability to assemble peacefully, access the

28  courts, and petition the government. (See id.).  Other than these conclusory statements, however,

4

1   the Complaint fails to allege facts establishing a causal link between any policy or custom and the

2   alleged constitutional deprivation. See Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174,

3   2180-81 (1996) (plaintiff must allege actual injury); Meyers v. Pope, 2006 WL 1867656, at *11

4   (E.D. Cal.), R&R adopted by 2006 WL 2839843 (E.D. Cal. 2006) (vague assertions do not identify

5   actual injury).  In fact, plaintiff's facts are so minimal that the court cannot determine the exact

6   nature of his alleged First Amendment violation.  Accordingly, the claim is dismissed with leave

7   to amend.

8          In amending his First Amendment claim, plaintiff should set forth specific allegations and

9   facts to support his claims, reflecting the requirements set forth above.  Plaintiff should not make

10  vague or conclusory allegations.  Instead, plaintiff should describe what happened in coherent,

11  intelligible and legible terms, particularly as to what constitutional rights were actually chilled.

12  III.    PLAINTIFF FAILS TO STATE A FOURTH AMENDMENT CLAIM.

13         In Claim Two, plaintiff provides a conclusory statement that defendants' policies, practices

14  and customs have subjected him to unreasonable searches and physical restraints as a form of

15  punishment, in violation of the Fourth Amendment. (See Mem. at 24-25).

16         "[T]he reasonableness of a particular search or seizure is determined by reference to the

17  detention context." Hydrick v. Hunter, 466 F.3d 676, 694 (9th Cir. 2006) (internal quotation marks,

18  alterations, and citation omitted).  "As with any detained person, there are concerns that mirror

19  those that arise in the prison context:  i.e., the safety and security of guards and others in the

20  facility, order within the facility and the efficiency of the facility's operations." Id. (internal quotation

21  marks and citation omitted).  Here, plaintiff fails to identify the policy or provide facts to describe

22  the searches and seizures or explain why they were unreasonable within the context of his

23  detention.  Accordingly, this claim is dismissed with leave to amend.

24         In amending his Fourth Amendment claim, plaintiff should set forth specific allegations and

25  facts to support his claims, reflecting the requirements set forth above.  Plaintiff should not make

26  vague or conclusory allegations.  Instead, plaintiff should describe what happened in coherent,

27  intelligible and legible terms, particularly as to what actual injuries were sustained.

28

1    IV.    PLAINTIFF FAILS TO STATE EX POST FACTO AND DOUBLE JEOPARDY CLAIMS.

2            In his Third and Fourth claims for relief, plaintiff alleges that defendants' policies, practices

3    and customs have violated his rights under the Ex Post Facto Clause and the right to be free from

4    Double Jeopardy. (See Mem. at 25-26).

5            The Double Jeopardy Clause precludes "a second prosecution for the same offense," and

6    prevents "the State from punishing twice, or attempting a second time to punish criminally, for the

7    same offense." Kansas v. Hendricks, 521 U.S. 346, 369, 117 S.Ct. 2072, 2085 (1997) (internal

8    quotation marks and citation omitted).  The Ex Post Facto Clause "forbids the application of any

9    new punitive measure to a crime already consummated," and "pertain[s] exclusively to penal

10   statutes." Id. at 370, 117 S.Ct. at 2086 (internal quotation marks and citations omitted ).

11           Because plaintiff's confinement under the SVPA is civil in nature, these allegations are

12   legally frivolous as a matter of law. See Hydrick, 466 F.3d at 695 (California SVPA civil detainee's

13   Double Jeopardy and Ex Post Facto claims are foreclosed); see also Seling, 531 U.S. at 263, 121

14   S.Ct. at 735 (civil detainee cannot obtain release through a challenge to State of Washington's

15   sexually violent predator statute on Double Jeopardy or Ex Post Facto grounds).  Accordingly,

16   plaintiff should dismiss his Ex Post Facto and Double Jeopardy claims.

17   V.     PLAINTIFF FAILS TO STATE A CRUEL AND UNUSUAL PUNISHMENT CLAIM.

18           In Claim Five, plaintiff alleges that defendants' policies, practices and customs have

19   subjected him to "restrictive and degrading conditions of confinement" which amount to "[c]ruel

20   and [u]nusual [p]unishment[,]" in violation of the Eighth and Fourteenth Amendments.  (Mem. at

21   26-27).  The Eighth Amendment, however, is not the proper vehicle to challenge the conditions

22   of civil commitment. See Bell v. Wolfish, 441 U.S. 520, 537 n. 16, 99 S.Ct. 1861, 1873 n. 16

23   (1979); accord Hydrick, 466 F.3d at 695-96.  Conditions of confinement claims raised by civil

24   detainees are analyzed under the Fourteenth Amendment substantive Due Process Clause,

25   rather than the Eighth Amendment. See Hydrick, 466 F.3d at 696.  Accordingly, plaintiff should

26   dismiss his Eighth Amendment claim.

27           To prevail on a Fourteenth Amendment cruel and unusual punishment claim, plaintiff must

28   establish that the restrictions imposed by his confinement in the County Jail Facilities were

6

1  punitive rather than incident to legitimate government purposes. See Bell, 441 U.S. at 538, 99

2  S.Ct. at 1873-74; see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (Fourteenth

3  Amendment cruel and unusual punishment analysis borrows from Eighth Amendment standards).

4  To establish a violation of the Eighth Amendment, plaintiff must satisfy both the objective and

5  subjective components of a two-part test. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct.

6  1970, 1977 (1994); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).   First, he must

7  demonstrate that the alleged violation was "sufficiently serious," resulting in the denial of "the

8  minimal civilized measure of life's necessities[.]"  Farmer, 511 U.S. at 834, 114 S.Ct. at 1977

9  (internal quotation marks and citations omitted). This objective component is not satisfied so long

10  as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation,

11  medical care, and personal safety."  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

12         Second, plaintiff must show that defendants acted with a sufficiently culpable state of mind,

13  i.e., with "deliberate indifference."  Farmer, 511 U.S. at 840-41, 114 S.Ct. at 1980-81; Wilson v.

14  Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 2323 (1991); Hallett, 296 F.3d at 744.  "'Deliberate

15  indifference' is evidenced only when 'the official knows of and disregards an excessive risk to

16  inmate health or safety; the official must both be aware of the facts from which the inference could

17  be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"

18  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (quoting Farmer, 511 U.S. at 837, 114 S.Ct.

19  at 1979).  "This is not an easy test for Plaintiffs to satisfy."  Hallett, 296 F.3d at 745.  "To be cruel

20  and unusual punishment, conduct that does not purport to be punishment at all must involve more

21  than ordinary lack of due care for the prisoners' interests or safety."  Whitley v. Albers, 475 U.S.

22  312, 319, 106 S.Ct. 1078, 1084 (1986).   Mere negligence is insufficient to sustain a claim.

23  See Farmer, 511 U.S. at 837, 114 S.Ct. at 1979.

24         Here, plaintiff's allegations are inadequate to state a Fourteenth Amendment cruel and

25  unusual punishment claim. First, the Complaint does not allege that plaintiff was subject to prison

26  conditions that resulted in the wanton and unnecessary infliction of pain. See Whitley, 475 U.S.

27  at 319, 106 S.Ct. at 1084 (1986).  Second, the Complaint's conclusory remarks regarding

28  "deliberate indifference" are inadequate to demonstrate that defendants knowingly disregarded

1  a substantial risk of injury to plaintiff. (See, e.g., Mem. at 3-5). In short, plaintiff has not put forth

2  any facts suggesting that defendants' conduct rose to the level of a Fourteenth Amendment cruel

3  and unusual punishment violation. Accordingly, plaintiff should dismiss his cruel and unusual

4  punishment claim.

5  VI.    PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM.

6          In Claim Six, plaintiff alleges that defendants' policies, practices and customs have violated

7  his procedural due process rights by restricting his movements, confiscating his property, and

8  impinged his privileges, all without providing him proper notice and an opportunity to present

9  evidence on his behalf before imposing such punitive measures. (See Mem. at 27).

10         The Due Process Clause of the Fourteenth Amendment protects detainees from being

11 deprived of life, liberty, or property without due process of law. See Wolff v. McDonnell, 418 U.S.

12 539, 556, 94 S.Ct. 2963, 2974 (1974); accord Hydrick, 466 F.3d at 696. However, plaintiff has

13 not alleged any facts that would support a claim that he was deprived of a protected interest

14 without procedural due process nor does he identify the policy or custom that allegedly violated

15 this right. Accordingly, plaintiff should dismiss his procedural due process claim.

16 VII.   PLAINTIFF FAILS TO STATE A SUBSTANTIVE DUE PROCESS CLAIM.

17         In Claim Seven, plaintiff alleges that defendants' policies, practices and customs subjected

18 him to improper punishments, unsanitary facilities, contaminated food and unrestrained abuses,

19 all in violation of his Fourteenth Amendment substantive due process rights. (See Mem. at 28).

20 Plaintiff states that the conditions of confinement at the County Jail Facilities are the same or

21 worse than those under which penal prisoners or detainees are held. (See id.).

22         Civil detainees have a "right to be protected and confined in a safe institution[.]" Hydrick,

23 466 F.3d at 698. "To establish a violation of substantive due process . . ., a plaintiff is ordinarily

24 required to prove that a challenged government action was clearly arbitrary and unreasonable,

25 having no substantial relation to the public health, safety, morals, or general welfare." Patel v.

26 Penman, 103 F.3d 868, 874 (9th Cir. 1996) (internal quotation marks, brackets, and citations

27 omitted), cert. denied, 520 U.S. 1240, 117 S.Ct. 1845, (1997); accord County of Sacramento v.

28 Lewis, 523 U.S. 833, 842, 118 S.Ct. 1708, 1714 (1998).

1    Although plaintiff complains generally that his conditions were "shocking," he provides no

2    specific facts to support his allegations nor does he establish a causal link between a policy and

3    the alleged deprivation. (See Mem. at 28). Accordingly, the Complaint fails to state a claim for

4    relief and this allegation is dismissed with leave to amend.

5    In amending his substantive due process claim, plaintiff should set forth specific allegations

6    and facts to support his claim, reflecting the requirements set forth above.  Plaintiff should not

7    make vague or conclusory allegations.  Instead, plaintiff should describe what happened in

8    coherent, intelligible and legible terms, particularly as to the causal connection between policies

9    and constitutional deprivations.

10   VIII.   PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM.

11   In Claim Eight, plaintiff alleges that defendants' policies, practices and customs subject him

12   to more restrictive, punitive and degrading conditions than other civil detainees, thereby denying

13   him equal protection of the laws. (See Mem. at 28).  Equal Protection claims arise when a charge

14   is made that similarly situated individuals are treated differently without a rational relationship to

15   a legitimate state purpose. See San Antonio Sch. Dist. v. Rodriguez, 411 U.S. 1, 40, 93 S.Ct.

16   1278, 1300 (1973).  In order to state a § 1983 claim based on a violation of the Equal Protection

17   Clause, plaintiff must show that defendants acted with intentional discrimination against him or

18   against a class of detainees that included plaintiff.  See Vill. of Willowbrook v. Olech, 528 U.S.

19   562, 564, 120 S.Ct. 1073, 1074-75 (2000) (Equal Protection claims may be brought by a "class

20   of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000).

21   Other than his conclusory allegation, plaintiff alleges no facts to support his allegation of

22   a denial of Equal Protection.  Further, sexually violent predators ("SVPs") "have been civilly

23   committed subsequent to criminal convictions and have been adjudged to pose a danger to the

24   health and safety of others.  Therefore, the rights of SVPs may not necessarily be coexistensive

25   [sic] with those of all other civilly detained persons." Hydrick, 466 F.3d at 691; accord Munoz, 208

26   F.Supp.2d at 1141 ("To the extent [plaintiff's] Equal Protection claim relies on authority or

27   comparison with persons confined under other of California's civil commitment schemes, such as

28   the [Mentally Disordered Offender Program] . . . , his demonstration fails. SVPs are not 'similarly

9

1   situated' for Equal Protection purposes to persons committed under the other schemes.").

2   Accordingly, plaintiff should dismiss his Equal Protection claim.

3   IX.   PLAINTIFF FAILS TO STATE A SIXTH AMENDMENT CLAIM.

4          In Claim Nine, plaintiff states that defendants' policies, practices and customs restricted

5   his access to the law library and the courts and interfered with his communications with legal

6   counsel, by requiring him to use non-confidential telephones and inspecting his mail, thereby

7   violating his Sixth Amendment rights. (See Mem. at 29). The Sixth Amendment, by its express

8   language, protects those in criminal proceedings. See Wolff, 418 U.S. at 576, 94 S.Ct. at 2984.

9   As plaintiff is not subject to a criminal proceeding in this action, he may not proceed on the Sixth

10  Amendment claim alleged. Accordingly, plaintiff should dismiss his Sixth Amendment claim

11  X.   PLAINTIFF FAILS TO STATE A PRIVACY CLAIM.

12         In Claim Ten, plaintiff asserts that defendants' policies, practices and customs violate his

13  right to privacy. (See Mem. at 30). Again, other than a conclusory statement, plaintiff fails to

14  identify specific policies or provide sufficient factual support for this allegation. Accordingly, this

15  claim is dismissed with leave to amend.

16         In amending his privacy claim, plaintiff should set forth specific allegations and facts to

17  support his claim, reflecting the requirements set forth above. Plaintiff should not make vague or

18  conclusory allegations. Instead, plaintiff should describe what happened in coherent, intelligible

19  and legible terms, particularly as to what actual injuries were sustained.

20  XI.   SUPERVISORY LIABILITY.

21         State officials may not be held liable under the federal civil rights laws merely on the basis

22  of their supervisory status with regard to individuals who allegedly committed the constitutional

23  violations in question. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a

24  supervisory official is subject to liability "only if he was personally involved in the constitutional

25  deprivation, or if there was a sufficient causal connection between the supervisor's wrongful

26  conduct and the constitutional violation." Dennis v. Thurman, 959 F.Supp. 1253, 1261 (C.D. Cal.

27  1997); see also Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), (en banc),

28  cert. denied, 502 U.S. 1074, 112 S.Ct. 972 (1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th

1 | Cir. 1989). "A sufficient causal connection may be established by showing that the supervisor set
2 | in motion a series of acts by others, which the supervisor knew or reasonably should have known
3 | would cause others to inflict the injury." <u>Dennis</u>, 959 F.Supp. at 1261; <u>see also</u> <u>Bergquist v.</u>
4 | <u>County of Cochise</u>, 806 F.2d 1364, 1370 (9th Cir. 1986), <u>abrogated on other grounds by</u> <u>City of</u>
5 | <u>Canton v. Harris</u>, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204 (1989).  Moreover, a supervisor may
6 | be liable for constitutional violations by his or her subordinates if the supervisor knew of the
7 | violations and failed to prevent them. <u>See</u> <u>Taylor</u>, 880 F.2d at 1045; <u>Ybarra v. Reno Thunderbird</u>
8 | <u>Mobile Home Vill.</u>, 723 F.2d 675, 680-81 (9th Cir. 1984).

9 |       To premise a supervisor's alleged liability on a policy promulgated by the supervisor, the
10 | plaintiff must identify a specific policy and establish a "direct causal link" between that policy and
11 | the alleged constitutional deprivation. <u>See</u>, <u>e.g.</u>, <u>City of Canton</u>, 489 U.S. at 385, 109 S.Ct. at
12 | 1203; <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474 (9th Cir. 1992).  A "failure to train" theory can also
13 | be the basis for a supervisor's liability, but only in limited circumstances. <u>See</u> <u>City of Canton</u>, 489
14 | U.S. at 387-90, 109 S.Ct. at 1204-05 (liability only where failure to train amounts to deliberate
15 | indifference).

16 |       Here, plaintiff alleges that the Board, Fonzi and Penrod (collectively, "Supervisory Officials")
17 | were responsible for the punitive conditions of confinement while plaintiff was housed in the
18 | County Jail Facilities and that they enabled other defendants to violate his constitutional rights.
19 | (<u>See</u> Mem. at 4).  However, plaintiff has not set forth any facts to establish that the Supervisory
20 | Officials directly participated in or explicitly directed the alleged constitutional violations.  Plaintiff
21 | sets forth no allegations that the Supervisory Officials were personally involved with the actions
22 | of any persons who allegedly deprived plaintiff of his constitutional rights.  Nor does plaintiff allege
23 | a sufficient causal connection between the Supervisory Officials and such conduct.  In fact,
24 | plaintiff fails to allege or name which employees, if any, the Supervisory Officials failed to
25 | supervise.  Such cursory and vague allegations are insufficient to state a claim against the
26 | Supervisory Officials in their supervisory capacity.

27 |

28 |

1    XII.    SAN BERNARDINO COUNTY BOARD OF SUPERVISORS.

2           A local government unit may not be held responsible for the acts of its employees under

3    a respondeat superior theory of liability. See Monell, 436 U.S. at 691, 98 S.Ct. at 2036. Rather,

4    to state a claim for municipal or county liability, a plaintiff must allege that he suffered a

5    constitutional deprivation that was the product of a policy or custom of the local government unit.

6    See City of Canton, 489 U.S. at 385, 109 S.Ct. at 1203. In this case, plaintiff merely alleges that

7    the Board's policies violated his rights. Plaintiff identifies no specific policies nor does he state

8    with sufficient specificity the nature of the violations. Conclusory allegations and citation to

9    constitutional amendments are insufficient to state cognizable claims for relief. See Sherman, 549

10   F.2d at 1290.

11                                          **CONCLUSION**

12          Based on the foregoing, IT IS ORDERED THAT:

13          1.      The Complaint is **dismissed with leave to amend**.

14          2.      Plaintiff is granted leave to amend only the claims in his Complaint. Plaintiff may

15   not add additional claims or defendants without prior leave of court. See Fed. R. Civ. P. 15(a).

16   If plaintiff still wishes to pursue this action, he is granted until **April 2, 2007**, to file a First Amended

17   Complaint attempting to cure the defects in the Complaint described herein.

18          3.      The First Amended Complaint must be labeled "First Amended Complaint" and

19   contain the case number assigned to the case, i.e., Case No. ED CV 06-1398 PA (FMO). In

20   addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his

21   First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be

22   complete in and of itself without reference to any prior pleading. This is because, as a general

23   rule, an amended pleading supercedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57

24   (9th Cir. 1967).

25          4.      Plaintiff must use and complete the Central District's "Civil Rights Complaint" form

26   for the First Amended Complaint. The First Amended Complaint must comply with Federal Rule

27   of Civil Procedure 8, and with any and all instructions in the form complaint. In particular, plaintiff

28   must follow the instruction to state all facts clearly, not conclusions, in support of his civil rights

                                                  12

1  claims. (See Form Complaint at 5).  Plaintiff must also clearly describe what each defendant did

2  to violate his civil rights.  Plaintiff must also clearly number and distinguish from one another every

3  civil rights claim he intends for the court to address.  Any claim that is not clearly numbered or

4  separated from all other claims will not be addressed as a separate claim for relief.

5      5.      The Clerk is directed to send plaintiff a copy of the Central District's "Civil Rights

6  Complaint" form.

7      6.      Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint,

8  or failure to correct the deficiencies described herein, will result in a recommendation that this

9  action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court

10  order.  See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Fed. R.

11  Civ. P. 41(b).

12  Dated this ___ day of March 2007.

13                                       _____
                                            Fernando M. Olguin
14                                       United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FULL NAME
_____

COMMITTED NAME (if different)
_____

FULL ADDRESS INCLUDING NAME OF INSTITUTION
_____
_____

PRISON NUMBER (if applicable)
_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CALVIN MATEER,                     PLAINTIFF, | CASE NUMBER<br>ED CV 06-1398 PA (FMO)<br>*To be supplied by the Clerk*<br>**FIRST AMENDED** |
| v. | |
| SAN BERNARDINO COUNTY BOARD<br>OF SUPERVISORS, et al.,<br>                                   DEFENDANT(S). | **CIVIL RIGHTS COMPLAINT<br>PURSUANT TO** *(Check one)*<br>☐ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☐ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

_____

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _____ , _____ , _____ .
                            (Claim I)              (Claim II)           (Claim III)

NOTE:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
               (full name of first defendant)

             _____
             (full address of first defendant)

             _____
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.  Defendant _____ resides or works at
               (full name of first defendant)

             _____
             (full address of first defendant)

             _____
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.  Defendant _____ resides or works at
               (full name of first defendant)

              _____
             (full address of first defendant)

              _____
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4. Defendant _____ resides or works at

       (full name of first defendant)

       _____

       (full address of first defendant)

       _____

       (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual      ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5. Defendant _____ resides or works at

       (full name of first defendant)

       _____

       (full address of first defendant)

       _____

       (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual      ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_**If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.**_

**CIVIL RIGHTS COMPLAINT**

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____           _____
         *(Date)*                              *(Signature of Plaintiff)*